**ORAL ARGUMENT NOT YET SCHEDULED**

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

| | |
|---|---|
| RFS POWER COALITION, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 20-1046 |
| v. ) | (and consolidated cases) |
| ) | |
| U.S. ENVIRONMENTAL ) | |
| PROTECTION AGENCY, et al., ) | |
| ) | |
| Respondents. ) | |
| _____) | |

## EPA'S MOTION TO HOLD CASE IN ABEYANCE

Respondents U.S. Environmental Protection Agency et al. ("EPA") move for an abeyance of this consolidated litigation. On January 8, 2021, the Supreme Court granted certiorari in *HollyFrontier Cheyenne Refining, LLC v. Renewable Fuels Association*, No. 20-472 (U.S.). The Petitioners' briefs here raise arguments related to the issue before the Supreme Court in the *HollyFrontier* case, which is about the scope of EPA's authority to grant exemptions to small refineries from the obligations of the Renewable Fuel Standard program. Therefore, EPA moves for an abeyance pending a decision in that case, with motions to govern further proceedings due thirty days after that decision.

RFS Power Coalition and Producers of Renewables United for Integrity Truth and Transparency do not oppose this motion. Valero Energy Corp., American Fuel & Petrochemical Manufacturers, and National Biodiesel Board oppose. American Petroleum Institute opposes and intends to file a response. Growth Energy, Iogen Corp., Iogen D3 Biofuels Partners II LLC, Waste Management, Inc., WM Renewable Energy, LLC, and Small Refineries Coalition take no position at this time but may take a position once they review this motion.

## BACKGROUND

### I. Statutory and Regulatory Framework

The Renewable Fuel Standard program in the Clean Air Act requires certain volumes of renewable fuel to be introduced into the United States' transportation fuel supply each year. *Am. Fuel & Petrochemical Mfrs. v. EPA*, 937 F.3d 559, 568 (D.C. Cir. 2019) (per curiam) 42 U.S.C. § 7545(*o*)(2). To achieve those volumes, EPA determines and publishes each year's renewable fuel obligation, which is expressed in the form of percentage standards. 42 U.S.C. § 7545(*o*)(3)(B)(i). EPA must publish those percentage standards for each compliance year by November 30 of the prior year. *Id.*

Refiners and importers of fossil fuels determine their individual renewable volume obligations by applying the percentage standards to their own production or importation of gasoline or diesel in that year. *Id.* § 7545(*o*)(3)(B)(ii); 40 C.F.R. §§ 80.1406(a)(i), 80.1407(a). To demonstrate compliance with their individual renewable volume obligations, refiners and importers must obtain and "retire" a sufficient number of renewable fuel credits. 40 C.F.R. § 80.1427(a).

The Act also allows obligated parties that qualify as "small refineries" to obtain exemptions from their renewable volume obligations. The Act granted an initial blanket exemption to all small refineries until 2011. 42 U.S.C. § 7545(*o*)(9)(A)(i). It also directed EPA to grant an "[e]xtension of exemption" to small refineries that the Department of Energy determined would be subject to disproportionate economic hardship. *Id.* § 7545(*o*)(9)(A)(ii). Finally, it permitted small refineries to "petition the Administrator [of EPA] for an extension of the exemption under subparagraph (A) for the reason of disproportionate economic hardship." *Id.* § 7545(*o*)(9)(B)(i).

## II.     **2020 Rule Litigation**

These consolidated petitions challenge EPA's rule determining the annual percentage standards for the Renewable Fuel Standard program for the 2020 calendar year. Renewable Fuel Standard Program: Standards for 2020 and Biomass-Based Diesel Volume for 2021 and Other Changes, 85 Fed. Reg. 7016 (Feb. 6, 2020) ("2020 Rule").

There are two groups of petitioners: petitioners representing parties that must comply with the renewable fuel obligation ("Obligated Parties") and petitioners representing the renewable fuel industry ("Biofuels Petitioners"). Briefing Order (Oct. 26, 2020), ECF No. 1868039. The two groups of petitioners filed separate opening briefs on January 29, 2021. *Id.*; Initial Brief of Am. Fuel & Petrochemical Mfrs. et al. (Jan. 29, 2021), ECF No. 1882897 ("Obligated Parties Br."); Initial Brief for the Biofuels Petitioners (Jan. 29, 2021), ECF No. 1882940 ("Biofuels Br.").

Both groups of petitioners primarily challenge the way that EPA accounted for small refinery exemptions when it calculated the percentage standards in the 2020 Rule. EPA calculates the percentage standards for each year by dividing the nationally applicable renewable

4

fuel volumes by the total volume of gasoline and diesel projected to be used that year. 40 C.F.R. § 80.1405(c). EPA adjusts the denominator for volumes of gasoline and diesel that are attributable to exempted small refineries. *Id.* When EPA makes that adjustment, it results in higher standards for the remaining, non-exempt obligated parties. *Am. Fuel*, 937 F.3d at 587–88.

In prior years, EPA adjusted the denominator to account for only the small refinery exemptions that had already been granted by the time EPA finalized that year's percentage standards. 85 Fed. Reg. at 7049. In the 2020 Rule, EPA changed its approach to use a projection of the total volume of gasoline and diesel that will be produced at exempt small refineries, including small refineries that receive exemptions after the final rule. *Id.* at 7049–51.

Obligated Parties argue that EPA's new approach to accounting for small refinery exemptions unlawfully increases obligated parties' compliance burdens. Obligated Parties. Br. 9–11, 13–40. Biofuels Petitioners, in turn, argue that EPA's approach did not go far enough because it failed to account for small refinery exemptions that EPA had granted in past compliance years. Biofuels Br. 8–9, 13–26.

### III. The *HollyFrontier* Case

On January 24, 2020, the Tenth Circuit vacated three small refinery exemptions granted by EPA under the Renewable Fuel Standard program. *Renewable Fuels Ass'n v. EPA*, 948 F.3d 1206 (10th Cir. 2020). The court held, among other things, that EPA had impermissibly granted the small refinery exemptions because the statute only authorizes EPA to grant an "extension of the exemption," 42 U.S.C. § 7545(*o*)(9)(B)(i), which requires petitioning small refineries to have continuously received prior exemptions since 2011. *Renewable Fuels Ass'n*, 948 F.3d at 1244–49.

On January 8, 2021, the Supreme Court granted a petition for certiorari to review the Tenth Circuit's decision. *HollyFrontier Cheyenne Refining, LLC v. Renewable Fuels Ass'n*, No. 20-472, 2021 WL 77244 (U.S. Jan. 8, 2021). Petitioners' briefs are due February 22, 2021. Sup. Ct. R. 25(1). Respondents' briefs are due March 24, 2021. Sup. Ct. R. 25(2). Reply briefs are due April 23, 2021. Sup. Ct. R. 25(3).

### ARGUMENT

The issue presented in *HollyFrontier* is also relevant to certain issues presented by the parties in this case. Accordingly, holding this

case in abeyance until the Supreme Court issues a decision will conserve the Court's and the parties' resources by avoiding the need for supplemental and potentially duplicative briefing once the Supreme Court rules. Additionally, the Supreme Court's decision could narrow or eliminate issues for resolution in this case.

*HollyFrontier* is directly relevant to certain issues that Petitioners have raised in this litigation. The Tenth Circuit decision that is under review in *HollyFrontier* held that the small refinery exemption provision, 42 U.S.C. § 7545(*o*)(9)(B), requires that a small refinery must have received a continuous, unbroken chain of extensions since 2011 to be eligible to petition for an exemption. *Renewable Fuels Ass'n*, 948 F.3d at 1214, 1244–49. The Supreme Court's decision is therefore expected to address the scope of EPA's authority to grant small refinery exemptions.

Although this case is not a challenge to the grant or denial of any particular small refinery exemptions, the scope of EPA's authority to grant small refinery exemptions is relevant to this case. That is because EPA's calculation of the 2020 percentage standards relied on a projection of small refinery exemptions that EPA will grant for the 2020

7

compliance year. *See* 85 Fed. Reg. at 7049–53. Both groups of petitioners challenge the approach that EPA took to account for small refinery exemptions in its calculation of the 2020 percentage standards. Obligated Parties devote nearly their entire argument section to this issue. Obligated Parties Br. 9–11, 13–40. Biofuels Petitioners lead with this issue and devote a significant portion of their argument to it. Biofuels Br. 8–9, 13–26.

The Obligated Parties' brief directly raises the issue that the Supreme Court will decide in *HollyFrontier*. American Petroleum Institute argues that EPA's projection of small refinery exemptions for the 2020 compliance year assumes the grant of small refinery exemption petitions that EPA lacks authority to grant. Obligated Parties Br. 33–37. American Petroleum Institute argues that the language "extension of the exemption" in 42 U.S.C. §7545(*o*)(9)(B)(i) permits EPA to grant a small refinery's petition only if the small refinery has maintained continuous prior exemptions. Obligated Parties Br. 34. That is the exact issue that the Tenth Circuit decided, *Renewable Fuels Ass'n*, 948 F.3d at 1244–49, and that the Supreme Court will consider in *HollyFrontier*. In fact, that part of the Obligated

Parties' brief expressly relies on the statutory interpretation advanced in the Tenth Circuit's decision. Obligated Parties Br. 35–36 (citing *Renewable Fuels Ass'n*, 948 F.3d at 1242–49). The other Obligated Parties also challenge EPA's approach to projecting small refinery exemptions for the 2020 compliance year. *Id.* at 18–33. Among other things, they argue that EPA failed to account for uncertainty related to litigation over small refinery exemptions, including the *HollyFrontier* case. *Id.* at 24–25.

The Biofuels Petitioners also challenge EPA's approach for accounting for small refinery exemptions in the 2020 Rule. They argue that EPA should have gone further than it did by not only accounting for projected small refinery exemptions for the 2020 compliance year but also adjusting the percentage standard to account for small refinery exemptions granted in prior years. Biofuels Br. 13–26. At the same time, Biofuels Petitioners argue that "many decisions granting exemption petitions have been unlawful" for reasons stated in the Tenth

Circuit's decision — but assert that the issue "is not presented in this case." Biofuels Br. 5 n.2.

In sum, both groups of Petitioners challenge EPA's approach to accounting for small refinery exemptions when calculating the percentage standards, and American Petroleum Institute argues the exact issue that the Supreme Court will decide in *HollyFrontier*. Without conceding that any of those particular arguments are properly raised in this litigation, there can be no question that the Supreme Court's decision in *HollyFrontier* will resolve the issue that American Petroleum Institute raises and will likely impact other arguments raised in Petitioners' briefs.

Holding this case in abeyance pending *HollyFrontier* is most efficient for both the Court and the parties. Under the current briefing schedule, briefing in this case will not be fully complete until June 28, 2021. Briefing Order (Oct. 26, 2020), ECF No. 1868039. That is after the end of the D.C. Circuit's ordinary sitting period. D.C. Cir. Handbook of Practice and Internal Procedures 47 (amended through Dec. 1, 2020). Therefore, oral argument in this case is not likely to be scheduled until September 2021 at the earliest, even under the current schedule.

Meanwhile, briefing in Supreme Court in the *HollyFrontier* case is expected to be complete on April 23, 2021. *Supra* p.6; *see also* Obligated Parties Br. at 25 n.15 (noting that the Supreme Court is "expected to issue a decision this term" in *HollyFrontier*).

Maintaining the current briefing schedule in this case may require re-briefing this summer to address the Supreme Court's decision in *HollyFrontier* before this Court can hold oral argument. In comparison, deferring any further briefing in this case until after the Supreme Court's decision in *HollyFrontier* will eliminate the need to brief significant portions of this case twice.

There are efficiency benefits to be realized from an abeyance even though Petitioners have already filed their opening briefs. Completing all of the remaining briefing on the current schedule may require re-doing the relevant portions of the briefing this summer once *HollyFrontier* is decided. In contrast, holding the remainder of the briefing schedule in abeyance will allow the parties to evaluate the Supreme Court's *HollyFrontier* decision and confer on the most efficient

way to modify the briefing schedule to address the new decision while minimizing duplicative briefing.

Moreover, holding this case in abeyance pending *HollyFrontier* will allow EPA the opportunity to decide whether any reconsideration of the 2020 Rule is appropriate in light of the eventual *HollyFrontier* decision, before the parties expend any further resources briefing this case. If EPA decides that reconsideration is appropriate, then that reconsideration could narrow issues or moot issues that the Court would need to decide in this case.

Holding this case in abeyance pending a decision in *HollyFrontier* is not likely to cause significant delay in the resolution of this case. Even under the current briefing schedule, oral argument in this case is not expected until this September at the earliest. It is likely that the Supreme Court could issue a decision in *HollyFrontier* by the end of this Supreme Court term. *See supra* p.11. Waiting for a decision in *HollyFrontier* would likely allow briefing in this case to recommence this summer, which may still allow for oral argument this year.

This abeyance motion is timely. Counsel for EPA reached out to both groups of Petitioners following the Supreme Court's grant of

certiorari in *HollyFrontier* to confer on whether an abeyance of this case is warranted. Petitioners responded that they did not think that an abeyance was necessary. Because Petitioners had not yet filed their opening briefs at that time, EPA was not able to make an independent determination of whether Petitioners' arguments would have sufficient overlap with *HollyFrontier* to warrant an abeyance.[1] Now that Petitioners' briefs have been filed, EPA has reviewed the briefs and determined that issues related to EPA's method for accounting for small refinery exemptions are a significant part of both briefs.

Finally, an additional benefit of holding this case in abeyance is that it allows more time for the Court to reach a decision in *Growth Energy v. EPA*, No. 19-1023, which is the consolidated litigation over the EPA rule that determined the 2019 renewable fuel obligation. That case was argued last September, and a decision in that case may resolve various issues being raised in this case. *See* Biofuels Br. at ii (noting that "[t]he same or similar issues to those presented in this brief" were raised in *Growth Energy*); Obligated Parties Br. at ii (identifying

---

[1] Petitioners had filed preliminary statements of issues to be raised, but those statements are not detailed and are non-binding. *Small Bus. in Telecomms. v. FCC*, 251 F.3d 1015, 1020 n.7 (D.C. Cir. 2001).

13

*Growth Energy* as a case with "similar or substantially the same issues"); Joint Briefing Proposal (Sept. 30, 2020), ECF No. 1864222 ("The decision in [*Growth Energy*] may eliminate the need to brief many of the issues in this case . . . ." (statement of Biofuels Petitioners)). In particular, petitioners in *Growth Energy* raised arguments about EPA's approach to accounting for small refinery exemptions when calculating the 2019 percentage standards. *See* Biofuels Br. at 10–23, *Growth Energy*, No. 19-1023 (D.C. Cir. Mar. 5, 2020), ECF No. 1832048. The decision in *Growth Energy* may therefore resolve similar issues that are raised in this case.

## CONCLUSION

The Court should order these cases to be held in abeyance pending the Supreme Court's decision in *HollyFrontier Cheyenne Refining, LLC v. Renewable Fuels Association*, No. 20-472 (U.S.). The order should direct the parties to file motions to govern further proceedings thirty days after the Supreme Court's decision.

           */s/ Tsuki Hoshijima*
           TSUKI HOSHIJIMA
           U.S. Department of Justice
           Environment and Natural
            Resources Division
           Environmental Defense Section

> P.O. Box 7611
> Washington, D.C. 20044
> (202) 514-3468
> tsuki.hoshijima@usdoj.gov

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing filing complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because it contains 2,479 words, excluding the parts of the filing exempted by Fed. R. App. P. 32(f). The filing complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and (a)(6) because it was prepared in a proportionately spaced typeface using Microsoft Word 2016 in Century Schoolbook fourteen-point font.

<u>/s/ Tsuki Hoshijima</u>

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2021, I filed the foregoing using the Court's CM/ECF system, which will electronically serve all counsel of record registered to use the CM/ECF system.

<u>/s/ Tsuki Hoshijima</u>