**ORAL ARGUMENT NOT YET SCHEDULED**

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| RFS POWER COALITION, ) ) ) Petitioner, ) ) ) v. ) ) U.S. ENVIRONMENTAL ) PROTECTION AGENCY, et al., ) ) Respondents. ) ) | No. 20-1046 (and consolidated cases) |

## EPA'S MOTION TO GOVERN FURTHER PROCEEDINGS

Respondents U.S. Environmental Protection Agency et al. ("EPA") respectfully request that this case be held in abeyance for an additional forty-five days. The abeyance is necessary to allow adequate time for EPA to decide on the next steps for this litigation. EPA proposes that another motion to govern further proceedings be filed at the conclusion of those forty-five days, which would be September 9, 2021.

## BACKGROUND

### I. Statutory and Regulatory Framework

The Renewable Fuel Standard program in the Clean Air Act requires certain volumes of renewable fuel to be introduced into the

United States' transportation fuel supply each year. *Am. Fuel & Petrochemical Mfrs. v. EPA*, 937 F.3d 559, 568 (D.C. Cir. 2019) (per curiam); 42 U.S.C. § 7545(*o*)(2). To achieve those volumes, EPA determines and publishes each year's renewable fuel obligation, which is expressed in the form of percentage standards. 42 U.S.C. § 7545(*o*)(3)(B)(i).

Refiners and importers of fossil fuels determine their individual renewable volume obligations by applying the percentage standards to their own production or importation of gasoline or diesel in that year. *Id.* § 7545(*o*)(3)(B)(ii); 40 C.F.R. §§ 80.1406(a)(1), 80.1407(a). To demonstrate compliance with their individual renewable volume obligations, refiners and importers must obtain and "retire" a sufficient number of renewable fuel credits. 40 C.F.R. § 80.1427(a).

## II.   2020 Rule Litigation

These consolidated petitions challenge EPA's rule determining the annual percentage standards for the Renewable Fuel Standard program for the 2020 calendar year. Renewable Fuel Standard Program: Standards for 2020 and Biomass-Based Diesel Volume for 2021 and Other Changes, 85 Fed. Reg. 7016 (Feb. 6, 2020) ("2020 Rule").

There are two groups of petitioners: petitioners representing parties that must comply with the renewable fuel obligation ("Obligated Parties") and petitioners representing the renewable fuel industry ("Biofuels Petitioners"). Briefing Order (Oct. 26, 2020), ECF No. 1868039. The two groups of petitioners filed separate opening briefs on January 29, 2021. *Id.*; Initial Brief of Am. Fuel & Petrochemical Mfrs. et al. (Jan. 29, 2021), ECF No. 1882897 ("Obligated Parties Br."); Initial Brief for the Biofuels Petitioners (Jan. 29, 2021), ECF No. 1882940 ("Biofuels Br.").

Both groups of petitioners primarily challenge the way that EPA accounted for small refinery exemptions when it calculated the percentage standards in the 2020 Rule. EPA calculates the percentage standards for each year by dividing the nationally applicable renewable fuel volumes by the total volume of gasoline and diesel projected to be used that year. 40 C.F.R. § 80.1405(c). EPA adjusts the denominator for volumes of gasoline and diesel that are attributable to exempted small refineries. *Id.* When EPA makes that adjustment, it results in higher standards for the remaining, non-exempt obligated parties. *Am. Fuel*, 937 F.3d at 587–88.

In prior years, EPA adjusted the denominator to account for only the small refinery exemptions that had already been granted by the time EPA finalized that year's percentage standards. 85 Fed. Reg. at 7049. In the 2020 Rule, EPA changed its approach to adjust the denominator to also account for a projection of the total volume of gasoline and diesel that will be produced at exempt small refineries, including small refineries that receive exemptions after the final rule. *Id.* at 7049–51.

Obligated Parties argue that EPA's new approach to accounting for small refinery exemptions unlawfully increases obligated parties' compliance burdens. Obligated Parties Br. 9–11, 13–40. Biofuels Petitioners, in turn, argue that EPA's approach did not go far enough because it failed to account for small refinery exemptions that EPA had granted in past compliance years. Biofuels Br. 8–9, 13–26.

On March 30, 2021, the Court granted EPA's motion to hold this case in abeyance pending the Supreme Court's decision in *HollyFrontier Cheyenne Refining, LLC v. Renewable Fuels Ass'n*, No. 20-472 (U.S.). The Court ordered that the parties file motions to govern further

proceedings within thirty days of the Supreme Court's decision in *HollyFrontier*.

The Supreme Court issued its decision on June 25, 2021. *HollyFrontier Cheyenne Refining, LLC v. Renewable Fuels Ass'n*, 141 S. Ct. 2172 (2021).

## ARGUMENT

EPA respectfully requests that this case be held in abeyance for another forty-five days, until September 9, 2021. The abeyance is necessary to allow adequate time for EPA to decide on the next steps for this litigation.

As EPA explained in its prior motion for abeyance, the scope of EPA's authority to grant small refinery exemptions is relevant to this case. ECF No. 1884292 at 7. Although this case is not a challenge to the grant or denial of any particular small refinery exemptions, EPA's calculation of the 2020 percentage standards relied on a projection of small refinery exemptions that EPA will grant for the 2020 compliance year. *See* 85 Fed. Reg. at 7049–53. Both groups of petitioners challenge the approach that EPA took to account for small refinery exemptions in

its calculation of the 2020 percentage standards. Obligated Parties Br. 9–11, 13–40; Biofuels Br. 8–9, 13–26.

In *HollyFrontier*, the Supreme Court decided one issue that is directly raised in this litigation. American Petroleum Institute argued in its opening brief in this case that the language "extension of the exemption" in 42 U.S.C. § 7545(*o*)(9)(B)(i) permits EPA to grant a small refinery's petition only if the small refinery had maintained continuous prior exemptions. Obligated Parties Br. 34. The Supreme Court rejected that exact argument. *HollyFrontier*, 141 S. Ct. at 2181.

However, the Supreme Court in *HollyFrontier* did not answer all of the questions that have been raised relating to the scope of EPA's authority to grant small refinery exemptions. The Tenth Circuit decision underlying the Supreme Court's *HollyFrontier* case had held that there is another limitation on the scope of EPA's authority: that EPA may grant a small refinery exemption only if compliance with the Renewable Fuel Standard program is the cause of any disproportionate economic hardship for the small refinery. *Renewable Fuels Ass'n v. EPA*, 948 F.3d 1206, 1253–54 (10th Cir. 2020). Relatedly, the Tenth Circuit had also held that EPA's small refinery exemption decisions were

6

arbitrary and capricious because the agency failed to adequately explain how the exemptions were consistent with EPA's findings that refiners fully recover the costs of compliance with the Renewable Fuel Standard program through higher sales prices of gasoline and diesel. *Id.* at 1255–57. The Supreme Court did not address those other holdings by the Tenth Circuit because no party had sought certiorari on those grounds. Instead, the Supreme Court addressed the single issue before it and reversed the Tenth Circuit's decision only "[t]o the extent the court of appeals vacated EPA's orders on th[at] ground." *HollyFrontier*, 141 S. Ct. at 2183.

Following the Supreme Court's decision, EPA must decide what if any impact the decision and the remaining holdings in the Tenth Circuit's decision may have on its implementation of the small refinery exemption provision — and what if any resulting impact that may have on the 2020 Rule. It would have been premature for EPA to consider these issues prior to the Supreme Court's decision in *HollyFrontier*. Most small refineries that have applied for an extension of the small refinery exemption have not received continuous extensions of the exemption. Therefore, had the Supreme Court upheld the Tenth

7

Circuit's decision, as EPA argued before that Court, those small refineries would have been statutorily ineligible to receive a further extension of the small refinery exemption. In that case, it would have been unnecessary for EPA to further consider whether the other holdings in the Tenth Circuit's decision affected those small refineries' entitlement to relief.

A further abeyance in this case will thus allow EPA the opportunity to decide whether, pending the agency's resolution of the remaining questions concerning small refinery exemptions, any reconsideration of the 2020 Rule is appropriate before the parties expend any further resources briefing this case. If EPA decides that reconsideration is appropriate, then that reconsideration could narrow or moot issues that the Court would need to decide in this case.[1] To allow EPA additional time to make that decision, EPA respectfully requests that the Court continue to hold this case in abeyance, defer

---

[1] For instance, American Petroleum Institute raises arguments in this case that are identical to those addressed by the other holdings by the Tenth Circuit in *Renewable Fuels Association*. Obligated Parties Br. 36–37.

setting any further briefing deadlines, and allow parties to file motions to govern further proceedings in forty-five days.[2]

## CONCLUSION

The Court should order these cases to be held in abeyance for another forty-five days. The order should direct the parties to file motions to govern further proceedings on September 9, 2021.

Respectfully submitted,

JEAN E. WILLIAMS
Acting Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources
  Division

 */s/ Tsuki Hoshijima*
TSUKI HOSHIJIMA
U.S. Department of Justice
Environment and Natural Resources
  Division

---

[2] EPA conferred on this motion with the other parties, but none of the other parties provided their position as of the time of this filing. Some parties suggested to EPA that they may request that the Court lift the abeyance and set deadlines to complete merits briefing. The Court should not do so, for the reasons described in this motion. However, if the Court does decide to set briefing deadlines, EPA respectfully requests that its brief be due no sooner than sixty days following the Court's briefing order, in light of the complexity of these consolidated cases and the extra-length briefs. *See* ECF No. 1868039 (previously issued briefing order issued October 26, 2020, setting EPA brief at 18,200 words).

> Environmental Defense Section
> P.O. Box 7611
> Washington, D.C. 20044
> (202) 514-3468
> tsuki.hoshijima@usdoj.gov

**CERTIFICATE OF COMPLIANCE**

I certify that the foregoing filing complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because it contains 1,554 words, excluding the parts of the filing exempted by Fed. R. App. P. 32(f). The filing complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and (a)(6) because it was prepared in a proportionately spaced typeface using Microsoft Word in Century Schoolbook fourteen-point font.

/s/ Tsuki Hoshijima

**CERTIFICATE OF SERVICE**

I hereby certify that on July 26, 2021, I filed the foregoing using the Court's CM/ECF system, which will electronically serve all counsel of record registered to use the CM/ECF system.

/s/ Tsuki Hoshijima