IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

| | |
|---|---|
| RFS POWER COALITION et al., ) | |
| ) | |
| Petitioners, ) | |
| ) | Case No. 20-1046 |
| v. ) | (and consolidated |
| ) | cases) |
| ENVIRONMENTAL PROTECTION AGENCY ) | |
| ) | |
| Respondent. ) | |

_____

**PETITIONERS' JOINT MOTION TO GOVERN FURTHER
PROCEEDINGS AND OPPOSITION TO EPA'S MOTION
TO GOVERN FURTHER PROCEEDINGS**

Pursuant to the Court's order of March 30, 2021, all petitioners respectfully submit this motion to govern further proceedings. For the same reasons, all petitioners also hereby oppose the motion of respondent, Environmental Protection Agency ("EPA"), to govern further proceedings. *See* ECF No. 1907792.

1. These cases concern a final rule issued by EPA regarding implementation of the Renewable Fuel Standard program for calendar year 2020. *See* 85 Fed. Reg. 7,016 (Feb. 6, 2020).

2. On October 26, 2020, the Court issued an order setting the briefing schedule for these cases. *See* ECF No. 1868039. Pursuant to that schedule, two

separate groups of petitioners filed their opening briefs on January 29, 2021. *See* ECF Nos. 1882940, 1882897.

3. On February 8, 2021, EPA moved to hold these cases "in abeyance pending the Supreme Court's decision in *HollyFrontier Cheyenne Refining, LLC v. Renewable Fuels Association*, No. 20-472 (U.S.)." ECF No. 1884292. EPA also asked the Court to "direct the parties to file motions to govern further proceedings thirty days after the Supreme Court's decision" in *HollyFrontier*. *Id.* At the time of EPA's motion, 81 days remained under the Court's scheduling order for EPA to file its response brief. *See* ECF No. 1868039 (adopting April 30, 2021 due date for EPA's brief).

4. On March 30, 2021, the Court granted EPA's motion, ordered that the cases be held in abeyance, and "directed [the parties] to file motions to govern further proceedings within 30 days of the Supreme Court's decision in *HollyFrontier*." ECF No. 1892343.

5. On June 25, 2021, the Supreme Court issued its decision in *HollyFrontier Cheyenne Refining, LLC v. Renewable Fuels Association*, 141 S. Ct. 2172 (2021). Accordingly, under this Court's March 30 order, the parties' motions to govern are due July 26, 2021.

6. On July 16, 2021, this Court issued its decision in *Growth Energy v. EPA*, No. 19-1023, __ F.4th __, 2021 WL 3009170 (D.C. Cir. July 16, 2021),

2

addressing petitions to review EPA's rule implementing the Renewable Fuel Standard program for 2019.

7. In its motion to govern further proceedings, EPA asks the Court to continue holding these cases in abeyance for an additional 45 days "to allow adequate time for EPA to decide on the next steps for this litigation." ECF No. 1907792, at 5. In the alternative, EPA requests that the Court order that EPA's response brief be due "no sooner than sixty days following the Court's briefing order." *Id.* at 9 n.2.

8. Thirty days is sufficient time for EPA to determine the effect of *HollyFrontier* on these cases. Indeed, that was the amount of time that EPA itself requested, in full knowledge of the issues to be decided in *HollyFrontier*.

9. Petitioners recognize, however, that *Growth Energy* may have implications for EPA's response brief. Consequently, petitioners submit that EPA's response brief should be due 81 days from the date on which *Growth Energy* was decided, i.e., October 5, 2021—which is 102 days from the date on which *HollyFrontier* was decided. Petitioners believe that is ample time for EPA to evaluate the effects of *HollyFrontier* and *Growth Energy* and prepare its response brief accordingly.

10. Additionally, because petitioners filed their briefs in January 2021, before *HollyFrontier* and *Growth Energy* were decided, they respectfully request

3

leave to submit letters consistent with Federal Rule of Appellate Procedure 28(j) addressing the effect of *HollyFrontier* and *Growth Energy* on the arguments raised in their opening briefs. These letters would enhance EPA's ability to accurately and efficiently respond to petitioners' arguments. Petitioners propose that these letters be filed at least 45 days before EPA's response brief is due, which, under the due date proposed above, would be August 20, 2021.

11. Further, petitioners submit that the deadlines for other filings should reflect the same intervals as contained in the Court's prior scheduling order, with minimal adjustments to account for Thanksgiving.

12. Accordingly, petitioners respectfully request that the Court order the following briefing schedule:

> Supplemental-authority letters of petitioners (if any) – August 20, 2021
>
> Brief of EPA – October 5, 2021
>
> Brief of intervenors for EPA responding to obligated party petitioners – October 26, 2021
>
> Brief of intervenors for EPA responding to biofuels petitioners – October 26, 2021
>
> Joint reply brief of obligated party petitioners – November 16, 2021
>
> Joint reply brief of biofuels petitioners – November 16, 2021
>
> Deferred joint appendix – November 29, 2021
>
> Final briefs – December 6, 2021

## CONCLUSION

For the foregoing reasons, the Court should grant this motion, deny EPA's motion to govern further proceedings, and issue an order setting the briefing schedule as proposed herein.

Respectfully submitted,

/s/ Bryan M. Killian
BRYAN M. KILLIAN
DOUGLAS A. HASTINGS
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave NW
Washington, D.C. 20004
(202) 739-3000
bryan.killian@morganlewis.com

*Counsel for the National Biodiesel Board*

/s/ JEROME C. MUYS, JR.
JEROME C. MUYS, JR.
MUYS & ASSOCIATES, LLC
800 Connecticut Ave. NW
Suite 300
Washington, DC 20006
(202) 559-2054
jmuys@muyslaw.com

SANDRA P. FRANCO
FRANCO ENVIRONMENTAL LAW LLC
600 Pennsylvania Ave. SE
Unit 15577
Washington, DC 20003

/s/ Seth P. Waxman
SETH P. WAXMAN
DAVID M. LEHN
WILMER CUTLER PICKERING
    HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6000
seth.waxman@wilmerhale.com

*Counsel for Growth Energy*

/s/ Matthew W. Morrison
MATTHEW W. MORRISON
CYNTHIA COOK ROBERTSON
SHELBY L. DYL
PILLSBURY WINTHROP SHAW
    PITTMAN LLP
1200 Seventeenth St. NW
Washington, DC 20036
(202) 663-8007
matthew.morrison@pillsburylaw.com

sandra@francoenvironmentallaw.com

*Counsel for Producers of Renewables United for Integrity Truth and Transparency*

/s/ Kevin F. King
ROBERT A. LONG, JR.,
KEVIN F. KING
THOMAS R. BRUGATO
CARLTON FORBES
COVINGTON & BURLING LLP
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-5488
kking@cov.com

*Counsel for American Petroleum Institute*

SAMARA L. KLINE
KLINEAPPELLATE
5600 Lovers Lane
Suite 116-324
Dallas, TX 75209
(214) 679-7671
skline@klineappellate.com

CLARA POFFENBERGER
CLARA POFFENBERGER
ENVIRONMENTAL LAW AND POLICY LLC
2933 Fairhill Road
Fairfax, Virginia 22031
(703) 231-5251
clara@airandclimatelaw.com

BRITTANY M. PEMBERTON
BRACEWELL LLP
2001 M Street NW
Suite 900

*Counsel for Waste Management, Inc. and WM Renewable Energy, LLC*

/s/ Ethan G. Shenkman
ETHAN G. SHENKMAN
JONATHAN S. MARTEL
WILLIAM C. PERDUE
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001
(202) 942-5000
ethan.shenkman@arnoldporter.com

*Counsel for Iogen Corp. and Iogen D3 Biofuels Partners II LLC*

/s/ Robert J. Meyers
ROBERT J. MEYERS
THOMAS A. LORENZEN
ELIZABETH B. DAWSON
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 624-2789
rmeyers@crowell.com

RICHARD S. MOSKOWITZ
AMERICAN FUEL &
PETROCHEMICAL MANUFACTURERS
1800 M Street, NW, Suite 900 North
Washington, DC 20036
(202) 844-5474
rmoskowitz@afpm.org

*Counsel for American Fuel & Petrochemical Manufacturers*

/s/ Jonathan G. Hardin
JONATHAN G. HARDIN
LEANN JOHNSON

6

| | |
|---|---|
| Washington, D.C. 20036<br>(202) 828-5800<br>brittany.pemberton@bracewell.com<br><br>*Counsel for Valero Energy Corporation* | ALEXANDRA MAGILL BROMER<br>PERKINS COIE LLP<br>700 Thirteenth Street NW<br>Suite 800<br>Washington, DC 20005<br>(202) 665-6200<br>jhardin@perkinscoie.com<br><br>*Counsel for Small Refineries Coalition* |

July 26, 2021

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), the undersigned hereby certifies:

1. This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 755 words, excluding the exempted portions, as provided in Federal Rule of Appellate Procedure 32(f). As permitted by Federal Rule of Appellate Procedure 32(g)(1), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

2. This motion complies with the typeface and type style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared in proportionally spaced typeface using Microsoft Word for Office 365 in 14-point Times New Roman font.

/s/ Seth P. Waxman
Seth P. Waxman

## CERTIFICATE OF SERVICE

    I certify that on July 26, 2021, I filed the foregoing using the Court's CM/ECF system, which will automatically serve all counsel of record registered to use the CM/ECF system.

/s/ Seth P. Waxman
Seth P. Waxman
