**ORAL ARGUMENT NOT YET SCHEDULED**

## UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———————————————————————

RFS POWER COALITION,          )
          )
          Petitioner,    )
          )    No. 20-1046
v.          )    (and consolidated cases)
          )
U.S. ENVIRONMENTAL    )
PROTECTION AGENCY, et al.,    )
          )
          Respondents.    )

———————————————————————

## EPA'S MOTION TO HOLD CASES IN ABEYANCE

Respondents ("EPA") respectfully request that the Court continue to hold these cases in abeyance. EPA further requests that motions to govern further proceedings be due by June 24, 2022.

In support of this motion, EPA states as follows:

1.    These consolidated petitions challenge EPA's rule determining the annual percentage standards for the Renewable Fuel Standard program for the 2020 calendar year. Renewable Fuel Standard Program: Standards for 2020 and Biomass-Based Diesel Volume for 2021 and Other Changes, 85 Fed. Reg. 7016 (Feb. 6, 2020) ("2020 Rule").

2.      On December 7, 2021, the EPA Administrator signed a notice of proposed rulemaking to revise parts of the 2020 Rule. 86 Fed. Reg. 72,436 (Dec. 21, 2021); *see also* EPA Br. A005–163 (Dec. 8, 2021), Doc. No. 1925941 (prepublication version of notice indicating signature date). Specifically, EPA proposed to revise the volume requirements in the 2020 Rule for three renewable fuel types and to revise the percentage standards in the 2020 Rule for all four renewable fuel types. 86 Fed. Reg. at 72,436–39. EPA also solicited public comment on two additional issues raised by Petitioners in this litigation: the accounting of exempted small refinery volumes in the percentage standard formula and the inclusion of cellulosic carryover RINs in the "projected volume available" for purposes of the cellulosic waiver. *Id.* at 72,455–56, 72,463.

3.      As part of the same rulemaking proposal, EPA proposed to establish the 2021 and 2022 volumes and standards. 86 Fed. Reg. at 72,436–40.

4.      Petitioner Growth Energy filed a complaint in district court alleging that EPA failed to perform nondiscretionary duties to establish the 2021 and 2022 renewable fuel standards. Compl., *Growth Energy v. Regan*, No. 1:22-cv-00347 (D.D.C. Feb. 8, 2022), ECF No. 1.

2

5.    EPA has signed, and submitted to the Office of the Federal Register for publication, a notice of a proposed consent decree to resolve that district court case. *See* Attachment A (prepublication version of notice). The proposed consent decree would establish a June 3, 2022 deadline for EPA to finalize the 2021 and 2022 renewable fuel standards. *Id.* The notice will seek public comment on the proposed consent decree pursuant to section 113(g) of the Clean Air Act.[1]

6.    As EPA has previously explained, it addressed the 2020, 2021, and 2022 renewable fuel obligations in a single rulemaking proposal because EPA views the analysis and rationales supporting the renewable fuel obligations for the three years as highly intertwined. Dunham Decl. ¶¶ 13, 29 (Jan. 20, 2022), Doc. No. 1931535. Thus, a deadline for EPA to finalize the 2021 and 2022 renewable fuel standards, if entered in a district court consent decree, would have a

---

[1]    Under that section, EPA must provide an opportunity for public comment before a consent order is final or filed with a court. The EPA Administrator or the Attorney General, "as appropriate, shall promptly consider any such written comments and may withdraw or withhold his consent to the proposed order or agreement if the comments disclose facts or considerations which indicate that such consent is inappropriate, improper, inadequate, or inconsistent with the requirements of this chapter." 42 U.S.C. § 7413(g).

3

significant impact on EPA's timeframe for completing its reconsideration of the 2020 standards at issue in this case.

7.     EPA respectfully requests that the Court continue to hold these cases in abeyance while EPA continues its reconsideration rulemaking process and obtains public comments on the proposed consent decree. If the proposed consent decree is entered, EPA will be required to finalize the 2021 and 2022 renewable fuel standards by June 3, 2022. Even if the proposed consent decree is not entered, EPA intends to continue advancing the reconsideration rulemaking process over the coming months. EPA thus requests that the Court continue to hold this case in abeyance until June 3, plus an additional three weeks for parties to confer on the next steps for this litigation before motions to govern further proceedings are due.

8.     Growth Energy, Producers of Renewables United for Integrity Truth and Transparency, Waste Management, Inc., WM Renewable Energy, LLC, Iogen Corp., Iogen D3 Biofuels Partners II LLC, American Fuel & Petrochemical Manufacturers, American Petroleum Institute, Valero Energy Corp., and Small Refineries Coalition do not oppose this motion. Clean Fuels Alliance America

(formerly the National Biodiesel Board) consents in part and opposes in part. Clean Fuels has stated that it intends to file a separate motion stating its position.

## CONCLUSION

The Court should continue to hold these cases in abeyance and order that the parties file motions to govern further proceedings by June 24, 2022.

Respectfully submitted,

TODD KIM
Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources
  Division

*/s/ Tsuki Hoshijima*
TSUKI HOSHIJIMA
U.S. Department of Justice
Environment and Natural Resources
  Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 514-3468
tsuki.hoshijima@usdoj.gov

5

**CERTIFICATE OF COMPLIANCE**

I certify that the foregoing filing complies with the word limit of Fed. R. App. P. 27(d)(2) because it contains 766 words, excluding the parts of the filing exempted by Fed. R. App. P. 32(f). The filing complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and (a)(6) because it was prepared in a proportionately spaced typeface using Microsoft Word in Century Schoolbook fourteen-point font.

*/s/ Tsuki Hoshijima*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2022, I filed the foregoing using the Court's CM/ECF system, which will electronically serve all counsel of record registered to use the CM/ECF system.

*/s/ Tsuki Hoshijima*