NOT YET SCHEDULED FOR ORAL ARGUMENT

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

|  |  |
|---|---|
| RFS POWER COALITION, *et al.*  )<br>)<br>*Petitioners,*  )<br>)<br>v.  )<br>)<br>UNITED STATES ENVIRONMENTAL  )<br>PROTECTION AGENCY,  )<br>)<br>*Respondent.*  ) | No. 20-1046 (and consolidated cases) |

**MOTION TO SEVER AND TO GOVERN FURTHER PROCEEDINGS**

These consolidated cases, the first of which was filed in February 2020, have already been held in short-term abeyance or otherwise delayed *six times*. EPA is again asking for a delay—the seventh—because petitions for review that might be filed to challenge a June 2022 rule might present some overlapping questions. That rule is the latest installment of a series of annual rulemakings EPA is obliged to promulgate by the Renewable Fuel Standard ("RFS") provisions of the Clean Air Act, and portions of EPA's new rule arguably overtake portions of the 2020 rule challenged here.

1

Petitioner Clean Fuels Alliance America ("Clean Fuels") acknowledges that *some* issues in this case—specifically, the issues pertaining to the renewable fuel volumes and percentage standards EPA set for 2020—overlap with the June 2022 rule. But not every issue overlaps. In the 2020 rule, EPA announced new recordkeeping requirements for producers who make biomass-based diesel from separated food waste—requirements that have *nothing whatsoever* to do with EPA's obligation to issue annual volumes. The 2022 rule says nothing about those recordkeeping requirements. The recordkeeping requirements are logically, factually, legally, and completely separate from the volumes EPA set for 2020 and for 2021–2022. Indeed, part of Clean Fuels' pending challenge to the separated food waste recordkeeping requirements is that EPA's inclusion of those requirements in its final 2020 rule was procedurally invalid because EPA provided no notice in the proposed rule that it was even considering such a change and because the new recordkeeping requirements were not a logical outgrowth of EPA's proposal for setting renewable fuel volumes.

Every petitioner in these cases seems to recognize that Clean Fuels' challenge has no bearing on or connection to the other issues in this case or in the forthcoming 2022 cases. None has intervened to support EPA's recordkeeping rule, and none has lodged any objection to Clean Fuels' efforts to keep its challenge out of abeyance.

The fight over the separated food waste recordkeeping requirements affects only EPA, Clean Fuels, and its members.

While these cases have lingered in abeyance, Clean Fuels members have been forced to comply with the recordkeeping requirements. For over two years, Clean Fuels has been unable to resolve its challenge to the recordkeeping requirements because EPA inevitably proposes a new basis for delaying resolution of other issues in these cases. Another delay will be incredibly harmful. Thus, Clean Fuels respectfully asks that the Court sever Clean Fuels' challenge to the separated food waste recordkeeping requirements announced in the 2020 rule.

This Court denied Clean Fuels' request for severance in March 2022, but the present circumstances are different. For one, it's clearer that these cases are slipping into perpetual abeyance. Even now, there is no indication that these cases will get back on track after a further 90-day abeyance. In all likelihood, in 90 days, the parties will be telling the Court that these cases should sit even longer. For another, the need for severance is even more urgent. Auditors for EPA's Quality Assurance Program ("QAP") recently have begun denying certification to producers who do not comply with the new separated food waste requirements, which has forced Clean Fuels members to drop out of that program, switch to feedstocks other than separated food waste, or stop generating fuel altogether. There is no sound reason to continue delaying resolution of Clean Fuels' challenge to the separated food waste

3

recordkeeping requirements—it is straightforward and ripe and, for the sake of the biomass-based diesel industry, should be decided now.

Petitioners the American Petroleum Institute, American Fuel & Petrochemical Manufacturers, Growth Energy, the Small Refineries' Coalition, Valero Energy Corporation, and Waste Management have indicated that they do not oppose or take no position on this motion.  EPA has indicated that it opposes.

## BACKGROUND

Every year, EPA is supposed to issue an annual rule setting renewable volume obligations under the Renewable Fuel Standard program.  This set of consolidated cases relates to the annual rule for 2020.  The majority of the consolidated challenges relates in one way or another to those volume obligations—for example, biofuels petitioners argue that EPA set the volumes too low, and obligated party petitioners argue that EPA set the volumes too high.

Challenges to annual volumes are not the only issues presented in these consolidated cases; in its annual 2020 rule, EPA also changed other aspects of the Renewable Fuel Standard program.  Clean Fuels' separated food waste challenge is directed at one of those changes that has nothing to do with annual volumes.  Specifically, Clean Fuels challenges a new recordkeeping requirement that EPA imposed on producers who generate biofuel from separated food waste (like used cooking oils).  Under this new requirement, in order to generate renewable

4

identification numbers (RINS), those producers must obtain and maintain records with information about where the separated food waste originated, *even though the majority of such producers obtain separated food waste from third-party aggregators*.

As detailed in the biofuels petitioners' opening brief, Clean Fuels raises two challenges to EPA's new recordkeeping requirement for separated food waste: (1) EPA failed to comply with notice-and-comment rulemaking requirements (because EPA did not propose *any* such change in the notice of proposed rulemaking that culminated in the rule under review); and (2) EPA's new requirements are arbitrary and capricious (because biofuel producers that rely on aggregators cannot realistically obtain information regarding each individual original generator).

After Clean Fuels and other petitioners filed their opening briefs in this case, an unending series of abeyances and other delays ensued:

- On February 8, 2021, EPA moved to hold the case in abeyance pending the Supreme Court's resolution of *HollyFrontier v. RFA*. Dkt No. 1884292. Clean Fuels opposed, explaining in part that *HollyFrontier* had nothing to do with its separated food waste challenge. Dkt No. 1886086. The court granted EPA's request on March 30, 2021. Dkt No. 1892343.

- On July 26, 2021, after *HollyFrontier* was decided, EPA again moved for abeyance "to allow adequate time for EPA to decide on the next steps for this

5

litigation." No. 1907792 at 5. Clean Fuels and other parties opposed, Dkt No. 1907804, and the Court again granted EPA's motion. Dkt No. 1910760.

- On September 9, 2021, EPA asked for yet another abeyance because it was currently working on a proposal for an upcoming RFS rule, Dkt No. 1913524. Petitioners opposed. Dkt No. 913532. This time, the Court sided with Petitioners, denying the request for abeyance and ordering a briefing schedule. Dkt No. 1916973.

- On December 8, 2021, EPA filed its response brief, in which it indicated that it would reconsider aspects of the 2020 rule in its upcoming rule setting the 2021 and 2022 RFS volumes and requested that portions of the 2020 rule be remanded without vacutur. Dkt No. 1925941.

- On December 29, 2021, Clean Fuels and other petitioners requested a short, two-week extension of the briefing schedule in order to determine how to proceed with the case in light of EPA's brief and its proposed rule. Dkt No. 1928564. The Clerk granted the request the same day. Dkt No. 1928623.

- On January 7 and January 10, 2021, various parties filed competing motions to either hold the case in abeyance or remand without vacatur for a certain period of time. Clean Fuels took no position on those motions. The Clerk shortly thereafter suspended the briefing schedule. Dkt No. 1930098.

6

- On February 8, 2022, after further briefing on the motions for abeyance and remand, the Court granted a short abeyance until February 22, 2022 and deferred consideration of the motions for remand. Dkt. No. 1934323.

- On February 22, 2022, EPA requested yet another abeyance until June 24, 2022, on the grounds that it planned to finalize its rule regarding the 2021 and 2022 renewable fuel volumes by early June. Dkt. No. 1936128. Clean Fuels opposed solely with respect to the separated food waste issue and requested that issue be severed and tried more expeditiously. Dkt. No. 1936198. Only EPA objected to Clean Fuels' request. The Court granted the requested abeyance and denied Clean Fuels' motion to sever. Dkt No. 1940069.

That brings us to today. EPA is again asking to hold this case in abeyance—not because EPA failed to issue the 2022 rule that precipitated the last abeyance, but because EPA expects that many of the same petitioners in this case are going to challenge the 2022 rule. EPA asks for more time to "continue to consider the impact of the 2022 Rule on the present challenges, including evaluation of any challenges raised in petitions for review of the 2022 Rule." EPA Mot. 3.

## ARGUMENT

### I. The Separated Food Waste Issue Should Be Severed.

Clean Fuels' members have been waiting for over two years to finish litigating their challenge to EPA's procedurally and substantively improper change to the

7

recordkeeping requirements for separated food waste. (For comparison, the COVID-19 pandemic had not yet affected the U.S. when EPA promulgated the 2020 rule.) This is not a situation where a single nettlesome issue has continually caused these cases to be delayed. Every delay has been attributed to some new, intervening circumstance—first the *HollyFrontier* case, then time to consider the *HollyFrontier* decision, then EPA's proposed rule for 2021 and 2022, then the final rule, and now waiting for challenges to the final rule to be filed. Some of those delays may have been warranted—for *some* of the issues raised in these cases. But Clean Fuels' separated food waste challenge has gotten swept along with this wave of delays despite the complete absence of any justification for waiting to decide that issue.

The separated food waste issue is unlike other challenges in these consolidated cases because it does not relate to the volumes EPA set for 2020. As part of the 2022 rule, EPA "reset" the 2020 volumes, so the volumes that were challenged by many of the petitioners in this case are no longer in place. In contrast, the 2022 rule said *nothing* about separated food waste. Challenges to the 2022 rule therefore have no impact on the separated food waste issue, and there is no need to wait for them to be filed before deciding Clean Fuels' separated food waste claims. Indeed, in the response brief EPA filed last year, EPA acknowledged that separated food waste recordkeeping requirements are separate from the volumes. There, EPA implicitly recognized that Clean Fuels' challenge has merit, insofar as EPA suggested that it

8

will conduct a separate, standalone rulemaking on separated food waste recordkeeping.

But EPA has taken no steps toward initiating that hypothesized rulemaking. Clean Fuels' members remain subject to a procedurally and substantive defective rule.

Clean Fuels' challenge is therefore perfectly severable. Deciding the separated food waste issue earlier than the remainder of these consolidated cases will not affect any aspect of the other cases. If Clean Fuels prevails, the Court can simply vacate the recordkeeping requirements without jeopardizing or undermining any other aspect of the 2020 rule. That makes Clean Fuels' challenge different from challenges in past RFS cases for which motions to sever have been denied. For example, this Court denied a motion to sever obligated party petitioners' point-of-obligation challenge in the consolidated cases challenging the 2017 RFS rule, after EPA correctly predicted that the petitioners' point-of-obligation challenge was not entirely separate from challenges to the underlying volumes. *See* EPA Br., *Coffeyville Resources Refining et al. v. EPA*, No. 17-1044 (D.C. Cir.) (Dkt. No. 1704206). That will not happen here: Clean Fuels and EPA have almost completed briefing on the recordkeeping issues—only the reply brief must be written and filed—and the Court can see from the briefs that the issue truly is unrelated to the volumes EPA set for 2020. The new requirement relates solely to the *records* biofuel

9

producers must maintain to qualify to generate RINs, not to the volumes that obligated parties must satisfy.

If the rest of this case is further delayed, then severance is essential to provide Clean Fuels' members with meaningful relief. Members are struggling to comply with EPA's new separated food waste requirements right now: auditors participating in the RFS Quality Assurance Program are requiring Clean Fuels members to produce records required by the recordkeeping requirements under review. As Clean Fuels explained in its brief, its members lack the information that the new recordkeeping requirements demand. Aggregators treat the information as a trade secret and will not disclose it to their customers. Without the means to comply with the new recordkeeping requirements, Clean Fuels members' only choices are to stop generating biofuels from separated food waste or to do so without generating RINs. And if the issue is not resolved soon, those members may need to take steps to adjust their operations that will make it difficult or impossible to use separated food waste in the future.

What makes this sequence of abeyances particularly problematic for Clean Fuels members is that there is no logical end point. EPA's current request is for 90 days from when its final 2022 rule is published in the Federal Register (which will ensure that all challenges to the 2022 rule are filed before the next motion to govern is due). It seems highly unlikely that EPA will decide to move forward with this

10

case once it sees who challenges the 2020 rule. Based on its past actions and this motion, it seems more likely that EPA will ask for another abeyance until the 2022 litigation is resolved. That would force Clean Fuels members to operate (or not operate) for three or even four years under a separated food waste recordkeeping regime that is impossible to satisfy.

## II.  Proposed Briefing Schedule for the Severed Challenge

For the reasons discussed above, Clean Fuels respectfully requests that the Court sever its separated food waste challenge and allow the case to resume according to the following schedule:

- Reply Brief           **July 15** (or **2 weeks** after this motion is granted)
- Deferred Appendix     **July 22** (or **3 weeks** after this motion is granted)
- Final Briefs          **July 29** (or **4 weeks** after this motion is granted)

The opening and response briefs, already written, are consolidated briefs addressing a range of issues, most of which Clean Fuels and EPA agree can be held in abeyance. After severing Clean Fuels' challenge to the separated food waste recordkeeping requirements, Clean Fuels expects that it can work with EPA to identify the portions of the opening and response briefs that relate to Clean Fuels' challenge, so that only those portions need to be finalized. In this way, severing Clean Fuels' challenge will impose no costs on the other parties in these consolidated cases.

On the merits, the competing positions of Clean Fuels and EPA are straightforward. Clean Fuels therefore anticipates that, if the Court severs Clean Fuels' challenge, it does not need more than 7 pages for a reply brief. In that space, Clean Fuels will refute EPA's challenge to Clean Fuels' standing and respond to EPA's defense of the new recordkeeping requirements.

Dated: June 24, 2022

Respectfully submitted,

/s/ Bryan M. Killian
Bryan M. Killian
Douglas A. Hastings
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., NW
Washington, D.C. 20004
(202) 739-3000 (telephone)
(202) 739-3001 (facsimile)

*Counsel for Clean Fuels Alliance America*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the requirements of Fed. R. App. P. 27(d)(2)(A) because it contains 2,498 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f). I further certify that this motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this motion was prepared in Microsoft Word using 14-point Times New Roman font.

                                                /s/ Bryan M. Killian

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2022 I caused the foregoing to be electronically filed with the Clerk of the U.S. Court of Appeals for the D.C. Circuit by using the Court's appellate CM/ECF system and that service will be accomplished by the appellate CM/ECF system.

/s/ Bryan M. Killian