NOT YET SCHEDULED FOR ORAL ARGUMENT

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| RFS POWER COALITION,<br><br>    Petitioner,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>    Respondents. | No. 20-1046 (and consolidated cases) |

### REPLY IN SUPPORT OF SMALL REFINERIES' MOTION FOR LEAVE TO INTERVENE

  Small Refineries timely moved to intervene in this case to protect their unique interests as small refineries and obligated parties under the RFS. The motion is timely because: (1) Small Refineries' intervention will not delay or disrupt this action or prejudice any party, and (2) Small Refineries sought intervention promptly after they learned this case, which all parties (except Biofuels Petitioners) agree is moot, would receive new briefing. Motion 7–8. Biofuels Petitioners fail to dispute (and therefore concede) that intervention will not delay the case or prejudice them in any way, and that EPA does not adequately represent Small Refineries' interests. (EPA does not dispute these realities either; EPA did not file any opposition at all.)

  Instead, Biofuels Petitioners raise two arguments: (1) the motion is untimely because it was not filed within 30 days of their original petitions

for review, and (2) Small Refineries lack any interest in this case. Both arguments fail. Small Refineries' motion should be granted.

## ARGUMENT

**I   The motion is timely under the circumstances.**

For over three decades, this Court has "held that intervention in the court of appeals is governed by the same standards as in the district court." *Massachusetts School of Law at Andover, Inc. v. United States*, 118 F.3d 776, 779 (D.C. Cir. 1997) (emphasis omitted) (citing *Building & Construction Trades Dep't v. Reich*, 40 F.3d 1275, 1282–83 (D.C. Cir. 1994)). And "appellate courts" have long recognized that "Rule 15(d) does not provide standards for intervention, so [they] have turned to the rules governing intervention in the district courts under Fed.R.Civ.P. 24." *Sierra Club, Inc. v. EPA*, 358 F.3d 516, 517–18 (7th Cir. 2004); *Texas v. U.S. Dep't of Energy*, 754 F.2d 550, 551 (5th Cir. 1985) (invoking "the policies underlying intervention in the trial courts pursuant to Fed.R.Civ.P. 24" because "Rule 15(d) of the Federal Rules of Appellate Procedure governs interventions in administrative appeals such as this one" and "[t]hat rule provides no standard for resolving intervention questions"); *Consumers' Rsch. v. Fed. Commc'ns Comm'n*, No. 23-60525, 2023 WL 11951690, at *1 (5th Cir. Oct. 30, 2023) (applying Rule 24 to intervention motion under Rule 15(d)).

Biofuels Petitioners assert that only "Rule 24's *substantive* standards … are applied to intervention in this court, not Rule 24's *procedural*

2

standards." Opposition 9 (emphasis in original). Biofuels Petitioners do not explain how this Court should identify the *substantive* components of Rule of Civil *Procedure* 24. *See id.* But this Court need not weigh into that morass. The only opinion on which Biofuels Petitioners attempt to rely—*Massachusetts School of Law*—made no such procedural vs. substantive distinction. Instead, this Court clearly and repeatedly stated that motions to intervene in the district court and court of appeals are "governed by the same standards." *Massachusetts School of Law*, 118 F.3d at 779–80. It did not make any exception for timeliness.

Moreover, this Court has made clear that the same policy considerations underlie timeliness under Rule 15(d) and Rule 24. Concerning Rule 15(d), this Court explained that "[t]he obvious reason for the rule against belated intervention is" to prevent interventions that are "unduly disruptive and places an unfair burden on the parties to the appeal"; such disruptions "would be entirely unfair, and an inexcusable waste of judicial resources." *Amalgamated Transit Union Int'l, AFL-CIO v. Donovan*, 771 F.2d 1551, 1553 (D.C. Cir. 1985). This Court said the same thing about timeliness under Rule 24: "timeliness is aimed primarily at preventing potential intervenors from unduly disrupting litigation, to the unfair detriment of the existing parties." *Roane v. Leonhart*, 741 F.3d 147, 151 (D.C. Cir. 2014).

Prejudice is the "most important consideration in deciding whether a motion for intervention is untimely." *Roane*, 741 F.3d at 151 (citation

3

omitted). Small Refineries' intervention "will not disrupt or delay this litigation in any way" and "no party will be prejudiced." Motion 7–8. Biofuels Petitioners do not dispute that. If "[n]o prejudice will result" from allowing a would-be-intervenor "to participate in the[] case[]," courts of appeals grant their motions to intervene, even when they are filed after the 30-day period in Rule 15(d). *Int'l Union of Operating Engineers, Loc. 18 v. NLRB*, 837 F.3d 593, 595–96 (6th Cir. 2016). This Court should do the same.

Even though they face no prejudice whatsoever, Biofuels Petitioners insist that the Motion is untimely because "the small refineries knew or should have known of this challenge by January 29, 2021, when biofuels petitioners filed their original opening brief." Opposition 10. But they ignore that just 10 days later, "EPA asked the Court to hold the case in abeyance," and when the case resumed, EPA sought remand to issue a new, superseding 2020 volumes rule. *Id.* at 6–7. In the consolidated petitions for review challenging the superseding rule, "[n]o party," including Biofuels Petitioners, raised the issue of "whether EPA's policy of not adjusting percentage standards to account for previously granted retroactive exemptions is lawful." *Id.* at 8.

Because this case was in abeyance, and because the original 2020 rule at issue here was superseded by a different rule and litigated in a different action, this Court's scheduling order was the earliest time that Small Refineries reasonably could have known that this case would go

forward. Small Refineries acted promptly once they knew "that any of [their] rights would be directly affected by th[is] litigation." *Roeder v. Islamic Rep. of Iran*, 333 F.3d 228, 233 (D.C. Cir. 2003). The motion is therefore timely under the circumstances. Motion 8.

Furthermore, this Court does "not require timeliness for its own sake," and the amount of "time elapsed" is not "the determinative test." *Roane*, 741 F.3d at 151. Because Small Refineries' intervention will not "unduly disrupt[] [the] litigation[] to the unfair detriment of the existing parties," their motion should be granted. *Id.*

## II    Small Refineries have a legally protected interest in this action.

Small Refineries have a legally protected interest in two ways. First, they "would undoubtedly 'lose by the direct legal operation'" of the "Biofuels Petitioners' reallocation" position. Motion 9 (quoting *United States v. American Tel. & Tel. Co.*, 642 F.2d 1285, 1292 (D.C. Cir. 1980)). Second, they are "are obligated parties under the RFS program and so are directly regulated by and 'directly subject to the challenged Rule.'" *Id.* at 9–10 (quoting *Military Toxics Project v. EPA*, 146 F.3d 948, 954 (D.C. Cir. 1998)). Biofuels Petitioners' opposition addresses only the first way.

**Risk of loss.** Biofuels Petitioners argue that Small Refineries could only lose out "if the small refiner[ies] w[ere] *not* exempt in the future year when EPA makes up the past exemptions" but "surely [Small Refineries]

5

expect to be exempt" and "they do not suggest that [they] will" not be. Opposition 12–13. There are many things wrong with this argument.

First, it impermissibly attempts to shift Biofuels Petitioners' burden onto Small Refineries. "[T]he burden of proof" on a motion to intervene "rests on those resisting intervention." *In re Brewer*, 863 F.3d 861, 872 (D.C. Cir. 2017) (citation omitted). It is not Small Refineries' burden to demonstrate that each of them definitively will not receive a hardship exemption in the year in which EPA may relocate previously exempt volumes. Small Refineries have established that they will be harmed if EPA were to increase the volumes by reallocating past exempt volumes and does not grant each of them an exemption. Motion 8–10. It is Biofuels Petitioners' burden to demonstrate in response that each of the Small Refineries *will* receive an exemption.

Second, Biofuels Petitioners know full well that hardship exemptions are not guaranteed. Yes, Small Refineries have argued, and will continue to argue, that they are entitled to hardship relief. But that has not prevented EPA from repeatedly and unlawfully denying small refinery exemptions. Indeed, the last time EPA granted a hardship exemption to any small refinery was in 2019 (for the 2018 compliance year). *See Sinclair Wyoming Refin. Co. LLC v. EPA*, 114 F.4th 693, 716, 724 (D.C. Cir. 2024). And even those exemptions were later revoked by the agency. *Id.* at 704. Small Refineries unfortunately cannot count on EPA to follow the law, *see id.* at 700 (holding that EPA's hardship denials were

6

"contrary to law and arbitrary and capricious"), and so this Court cannot assume each of the Small Refineries will be granted an exemption for the precise year in which EPA may reallocate previously exempt volumes if Biofuels Petitioners' arguments were to succeed in this case.[1]

**Directly regulated.** Finally, Biofuels Petitioners repurpose their exemption argument. They contend that Small Refineries have an interest as "directly regulated" entities "only if they are non-exempt obligated parties in the years when EPA makes up past exemptions." Opposition 9. But parties have the necessary interest if they are "directly subject to the challenged *Rule*," not directly subject to the Biofuels Petitioners' arguments. *Military Toxics Project*, 146 F.3d at 954 (emphasis added). As an obligated party, Small Refineries have an interest in this case because they are directly regulated by EPA's volumes rules. *See id*. Nothing more is required. *Id.*

## CONCLUSION

Small Refineries' motion to intervene should be granted.

---

[1] Biofuels Petitioners' statements about potential future small refinery hardship exemptions are particularly ironic, as Biofuels Petitioners have repeatedly sued to challenge previously granted exemptions and sought intervention to support previous denials of hardship relief. *E.g.*, Petition for Review, Doc. #1812533, *Renewable Fuel Assoc. v. EPA*, No. 19-1220 (D.C. Cir. Oct. 22, 2019) (challenging hardship exemptions); Motion to Intervene, Doc. #62, *Hunt Refin. Co. v. EPA*, No. 22-11617 (11th Cir. Feb. 17, 2023) (intervening to defend denials of hardship exemptions); Motion to Intervene, Doc. #1971716, *Sinclair Wyoming Refin. Co. LLC v. EPA*, No. 22-1073 (D.C. Cir. Nov. 1, 2022) (same).

7

| | |
|---|---|
| Dated: November 18, 2024 | Respectfully submitted, |
| Karl J. Worsham<br>PERKINS COIE LLP<br>2525 E. Camelback Road<br>Suite 500<br>Phoenix, AZ 85016-4227<br>Telephone: 602.351.8000<br>Facsimile: 602.648.7000<br>KWorsham@perkinscoie.com | *s/ Jonathan G. Hardin*<br>Jonathan G. Hardin<br>Alexandra Magill Bromer<br>PERKINS COIE LLP<br>700 13th Street, NW, Suite 800<br>Washington, D.C. 20005-3960<br>Telephone: 202.654.6297<br>Facsimile: 202.654.6211<br>JHardin@perkinscoie.com<br>ABromer@perkinscoie.com<br><br>*Attorneys for American Refining Group, Inc.; Calumet Montana Refining, LLC; Calumet Shreveport Refining, LLC; Countrymark Refining & Logistics, LLC; Ergon Refining, Inc.; Ergon-West Virginia, Inc.; Hunt Refining Company; Par Hawaii Refining, LLC; Placid Refining Company LLC; San Joaquin Refining Co., Inc.; The San Antonio Refinery LLC; U.S. Oil & Refining Company; and Wyoming Refining Company* |

## CERTIFICATE OF COMPLIANCE

This reply complies with the type-volume limitations of Fed. R. App. P. 27 (d)(2) because this document contains 1,614 words excluding the parts of the motion exempted by Fed. R. App. P. 32(f).

This reply complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

I certify that I am admitted to the Bar of the United States Court of Appeals for the District of Columbia Circuit.

Dated: November 18, 2024.

                                        */s/ Jonathan G. Hardin*
                                        Jonathan G. Hardin
                                        Perkins Coie LLP

## CERTIFICATE OF SERVICE

  I hereby certify that on November 18, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated:  November 18, 2024

                */s/ Jonathan G. Hardin*
                Jonathan G. Hardin
                PERKINS COIE LLP